UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Jason Helfrich,<br><br>　　　　Plaintiff<br><br>v.<br><br>The State of Nevada, et al.,<br><br>　　　　Defendants | 2:16-cv-01279-JAD-PAL<br><br>**Order Denying Emergency Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 4, 5] |

　　　　Peter Helfrich brings this action under 42 U.S.C. § 1983 against the State of Nevada and a host of employees of the High Desert State Prison (HDSP)—where Helfrich is incarcerated—alleging claims for retaliation, deliberate indifference, denial of due process, negligence, theft, destruction of property, and interference with the ability send and receive mail, to litigate, and to access the courts. Helfrich's application to proceed in forma pauperis and the screening of his complaint under the Prison Litigation Reform Act (PLRA)[1] are pending before Magistrate Judge Leen.[2]

　　　　Before me, however, are Helfrich's emergency motions for a temporary restraining order and for a preliminary injunction.[3] Helfrich seeks an order directing the defendants to allow him to copy witness affidavits for use in his other pending lawsuits and prohibiting the defendants from reading his legal mail and copy work. I find that Helfrich has not met the standard for obtaining injunctive relief because he has failed to demonstrate that he is likely to suffer irreparable harm in its absence. I therefore deny both of Helfrich's motions in their entirety.

---

[1] 28 U.S.C. § 1915A.

[2] ECF No. 1.

[3] ECF Nos. 4, 5.

**Discussion**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[4] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[5] "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[6]

The second *Winter* factor requires Helfrich to demonstrate that he is likely to suffer irreparable harm if not granted injunctive relief. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages."[7] "Those seeking injunctive relief" must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[8]

---

[4] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[5] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The PLRA mandates that prison litigants must also satisfy additional requirements when seeking preliminary injunctive relief, and that the court is required to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." 18 U.S.C. § 3626(a)(1)(C)(2).

[7] *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Ctr., Inc.v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

[8] *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 57 (2014).

To support his irreparable-harm argument, Helfrich presents nearly the entirety of his 30-pages of motions as a declaration.[9] Distilling the factual statements from the copious amount of legal authorities and argument, it appears that in May 2016, Helfrich received confidential legal mail regarding his case before the New York State Court of Appeals; that mail had been opened, and it arrived re-stapled, in a damaged condition, and missing original documents.[10] Helfrich further declares that, on numerous occasions in 2016, he was denied signatures for outgoing legal-mail brass slips, access to the law library, the ability to copy witness affidavits,[11] access to a notary, which he contends was necessary to prosecute an appeal,[12] access to flat-rate boxes and envelopes for outgoing legal mail/legal correspondence,[13] and, on at least one occasion, that law-library supervisor Graham "read/inspected" his "confidential legal mail" outside of Helfrich's presence.[14]

After reciting the deprivations that he has allegedly suffered, Helfrich next attempts to address the standard for obtaining injunctive relief, but he does not clearly address whether he is likely to suffer irreparable harm if that relief does not issue.[15] I presume the harm that Helfrich wants me to infer is that he will continue to be deprived of his constitutional rights unless the defendants are enjoined. "It is well established that the deprivation of constitutional rights

---

[9] Helfrich uses the word "affidavit," but because his motions are repeatedly signed either by him or another inmate under penalty of perjury as required under 28 U.S.C. § 1746, but not notarized, they are properly categorized as declarations.

[10] ECF No. 4 at 5.

[11] *Id.* at 7.

[12] *Id.* at 13.

[13] *Id.* at 18.

[14] *Id.* at 14.

[15] *See id.* at 20–21 (tersely addressing only likelihood of success on the merits, whether relief sought would serve the public interest, and if he should post security).

'unquestionably constitutes irreparable injury.'"[16] But Helfrich offers no facts to support his conclusion that defendants are likely to continue to deprive him of his constitutional rights. Further, there is an insufficient factual basis for me to determine that defendants had previously deprived him of any right.

Helfrich fails to establish that the mail that he complains was inspected or read outside his presence or the witness statements that he complains were not copied were, in fact, legal mail or documents.[17] I cannot conclude that they were because Helfrich provides no details about their contents other than his conclusions that they were either confidential legal mail or witness statements that were necessary in other cases. This lack of factual detail also prevents me from concluding that the incidents that Helfrich complains of were truly constitutional deprivations. Similarly, I cannot conclude from this record that Helfrich has been completely denied access to the prison's law library or legal supplies and services like copy work, notary, signatures for outgoing legal-mail brass slips, and envelopes or boxes for legal correspondence.[18] Helfrich contends otherwise, but "the Constitution does not guarantee a prisoner unlimited access to a law library" and "[p]rison officials of necessity must regulate the time, manner, and place in which library facilities are used."[19] The Ninth Circuit has also squarely held that "[a] denial of free photocopying does not amount to a denial of access to the courts."[20]

I can only speculate that Helfrich is likely to suffer a constitutional deprivation in the absence of injunctive relief. But speculative injuries do "not constitute irreparable injury

---

[16] *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

[17] *See e.g. Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (providing that, with small exceptions, correspondence to and from a court are public documents and therefore not legal mail, as opposed to mail from a prisoner's lawyer).

[18] That Helfrich filed this litigation and documents herein after the complained-of events seems to suggest otherwise.

[19] *Lindquist v. Idaho St. Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).

[20] *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

sufficient to warrant granting a preliminary injunction."[21]  Based on this record, I find that Helfrich has not demonstrated that he will be irreparably harmed if the defendants are not temporarily or preliminary enjoined from reading or inspecting his mail and copy work or if they are not required to allow him to make copies of witness statements for his pending lawsuits. Because the test for preliminary injunctive relief requires satisfaction of all four *Winter* factors, failure to satisfy any one of them—as Helfrich has failed to demonstrate likelihood of irreparable harm here—requires denial of this request for a temporary restraining order and a preliminary injunction.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Helfrich's emergency motion for a temporary restraining order [ECF No. 4] and his emergency motion for a preliminary injunction [ECF No. 5] are DENIED.**

DATED: July 1, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[21] *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)).