UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Jason Helfrich,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | 2:16-cv-01279-JAD-PAL<br><br>**Order Denying Application to Proceed**<br>***in forma pauperis* and Motion to Reconsider**<br><br>[ECF Nos. 1, 7] |

Pro se Nevada state prison inmate Peter Jason Helfrich has submitted a civil-rights complaint,[1] an application to proceed *in forma pauperis*,[2] and a motion asking me to reconsider my July 1, 2016, order denying his motion for preliminary injunctive relief.[3] Because Helfrich has given me no valid reason to reconsider my previous order, I deny his motion to reconsider. And, because Helfrich has filed—and had dismissed—three previous cases (or appeals) while he was incarcerated, and he does not plausibly allege that he faces imminent danger of serious physical injury, I deny his IFP application. Helfrich must pay the $400 filing fee by October 19, 2016, or this case will be dismissed and closed without further notice.

**Discussion**

**A.    Helfrich's motion to reconsider [ECF No. 3] is denied.**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[4] Reconsideration is appropriate only if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 7.

[4] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

controlling law."[5]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."[6]

Nowhere in Helfrich's 75-page motion does he provide a valid reason for me to consider my order denying his emergency motion for a temporary restraining order.  He simply rehashes the same issues and arguments that he made in his motion and that I have already rejected.  Because Helfrich has given me no valid reason to reconsider my order, his motion is denied.  His motion is also denied because it violates Local Rule 7-3, which limits motions (besides motions for summary judgment) to 24 pages.

**B.    Helfrich's application to proceed *in forma pauperis* [ECF No. 1] is denied.**

The Prison Litigation Reform Act seeks to prevent prisoners from abusing *in forma pauperis* status by prohibiting prisoners who have, on three or more occasions while detained, brought a court action or appeal that was dismissed as frivolous or malicious or for failure to state a claim from proceeding *in forma pauperis* unless the prisoner plausibly alleges that he is "under imminent danger of serious physical injury."[7]  A prisoner who is not granted IFP status must pay the full $400 filing fee.

Helfrich has three strikes that prevent him from invoking IFP status unless he plausibly alleges that he is "under imminent danger of serious physical injury."[8]  In his 81-page complaint, Helfrich alleges that he has been denied access to the courts, that he endured assaults and threats in 2014 and 2015, and that he has suffered disciplinary due-process violations, legal-mail issues, and

---

[5] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[6] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[7] 28 U.S.C. § 1915(g).

[8] In *Helfrich v. Cox*, 2:15-cv-00384-JCM-PAL, the Ninth Circuit Court of Appeals dismissed Helfrich's appeal as frivolous. ECF Nos. 15, 16. In *Helfrich v. Marshall*, 2:15-cv-00393-KJD-GWF, the Ninth Circuit Court of Appeals dismissed another one of Helfrich's appeals as frivolous. ECF Nos. 59, 60. These dismissals constitute two strikes under 28 U.S.C. § 1915(g). *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). Finally, in *Helfrich v. State of Nevada*, 2:16-cv-00574-GMN-GWF, Helfrich received his third strike when Chief Judge Gloria Navarro dismissed his suit as malicious. ECF Nos. 3, 5. I take judicial notice of these decisions. FED. R. EVID. 201.

1  poor dental care while in prison.⁹  These allegations do not plausibly show that Helfrich is in
2  imminent danger of serious physical injury absent court intervention.¹⁰  I therefore deny his
3  application to proceed *in forma pauperis* and give Helfrich until **October 19, 2016**, to pay the $400
4  filing fee in full.  If Helfrich does not pay the filing fee by this deadline, this case will be dismissed
5  and closed without further notice.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Helfrich's motion to reconsider [ECF No. 7] is DENIED.**

IT IS FURTHER ORDERED that **Helfrich's application to proceed *in forma pauperis* [ECF No. 1] is DENIED.**  Helfrich must pay the $400 filing fee in full by October 19, 2016.  If Helfrich does not pay the filing fee by this deadline, this case will be dismissed and closed without further warning.

The Clerk of Court is instructed to SEND to Helfrich two copies of this order.  Helfrich must attach a copy of this order to the check paying the filing fee.  The Clerk of Court is further instructed to retain the complaint [ECF No. 1-1] but need not file it unless and until Helfrich pays the filing fee.

Dated this 19th day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

⁹ *See* ECF No. 1-1 at 30–52.

¹⁰ *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).